IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BOBBY KENNETH WILLIAMSON, *et al.* | : <br> :   CIVIL ACTION NO. 1:23-CV-1781 <br> : |
| Plaintiff | :   (Judge Conner) <br> : |
| v. | : <br> : |
| JOHN E. WETZEL, *et al.* | : <br> : |
| Defendants | : |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiffs, Bobby Kenneth Williamson and Antonio Bundy,[1] allege violations of the civil rights of themselves and a putative class of other inmates at SCI-Huntingdon based on purportedly unconstitutional conditions of confinement. After screening the complaint pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, we will deny plaintiffs' request to certify a class and dismiss their complaint without prejudice. Williamson and Bundy will be granted leave to file an amended complaint that is limited to their individual claims.

I.   **Factual Background & Procedural History**

Plaintiffs filed their complaint on September 28, 2023. (Doc. 1). Plaintiffs style their complaint as a "reopened/renewed" lawsuit because it purports to enforce the settlement agreement reached between the Pennsylvania Department

---

[1] A third plaintiff, Nicholas Edwards, has been dismissed from the case for failure to pay the filing fee or move for leave to proceed *in forma pauperis*. (Doc. 17).

of Corrections ("DOC") and a class of inmates in Austin v. Pa. Dep't of Corrs., 876 F. Supp. 1437 (E.D. Pa. 1995). Plaintiffs assert that pursuant to Austin and the United States Constitution, the DOC and SCI-Huntingdon are violating the constitutional rights of plaintiffs and a putative class of other inmates at SCI-Huntingdon by failing to remedy a variety of conditions of their confinement. Specifically, plaintiffs allege: (1) that the DOC has failed to continue an asbestos abatement program; (2) that SCI-Huntingdon neglects to test pipes and water in the prison to prevent lead contamination; (3) that SCI-Huntingdon has failed to mitigate black mold growing on cell walls in the prison; (4) that access to programs and jobs in SCI-Huntingdon is awarded in a racially discriminatory manner; (5) that SCI-Huntingdon is overcrowded; (6) that SCI-Huntingdon correctional officers routinely use excessive force against inmates; (7) that educational programs in SCI-Huntingdon are understaffed; (8) that there is a lack of recreational and educational programs in SCI-Huntingdon; (9) that inmates are routinely given insufficient medical care in SCI-Huntingdon; (10) that the DOC and SCI-Huntingdon give insufficient assistance to inmates with disabilities; (11) that SCI-Huntingdon employs an insufficient number of mental health staffers; (12) that SCI-Huntingdon and the DOC provide insufficient resources to prevent and treat HIV; and (13) that SCI-Huntingdon does not comply with relevant environmental, health, and fire safety standards. (See generally Doc. 1).

## II.   Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or

seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[2] 28 U.S.C. § 1915A.[3]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[2] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
    **(A)** the allegation of poverty is untrue; or
    **(B)** the action or appeal—
        **(i)** is frivolous or malicious;
        **(ii)** fails to state a claim on which relief may be granted; or
        **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[3] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
    **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
    **(2)** seeks monetary relief from a defendant who is immune from such relief.

3

**III.   Discussion**

Plaintiffs bring their constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

We will first address plaintiffs' request for class certification. To certify a class, plaintiffs must establish that:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

Class certification is clearly inappropriate in this case. "It is plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." Hagan v. Rogers, 570 F.3d 146, 159 (3d Cir. 2009) (internal alterations omitted) (quoting Oxendine v. Williams, 509 F.2d 1405, 1407

(4th Cir. 1975)).[4]  Moreover, to the extent plaintiffs argue that class certification is appropriate because the case is reopening Austin, their argument is without merit. The settlement agreement reached in Austin specifically provides that it is "not enforceable by the plaintiffs or plaintiff class" and that members of the class in Austin are instead required to bring "subsequent suits for monetary or injunctive relief" to remedy alleged violations of their civil rights.  Austin v. Pa. Dep't of Corrs., 876 F. Supp. 1437, 1448 (E.D. Pa. 1995).

Once the allegations on behalf of the putative class are disregarded, plaintiffs' complaint plainly fails to comply with Federal Rule of Civil Procedure 8, which requires complaints to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  Plaintiffs' complaint consists of a series of general statements about the conditions of confinement within SCI-Huntingdon, many of which appear to have only affected other members of the putative class rather than the plaintiffs.  (See, e.g., Doc. 1 at 7-13 (alleging that numerous inmates have been exposed to asbestos and that some of those inmates—though not plaintiffs—have been diagnosed with cancer following

---

[4] The court in Hagan ultimately found that the district court's denial of the request for class certification was premature given that the plaintiffs had requested appointment of counsel to represent the putative class and the district court had not yet ruled on the motion to appoint counsel when it denied the motion for class certification.  Hagan, 570 F.3d at 159.  We do not construe plaintiffs' filings in the instant case as requesting the appointment of counsel.  To the extent they have made such a request, however, we find that appointment of counsel is not warranted at this time because plaintiffs have not made an adequate showing that their claims have merit.  See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) ("Before the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

5

their exposure); id. at 14-15 (alleging that unnamed inmates have been exposed to lead in the drinking water and black mold on the walls of their cells); id. at 17-19 (alleging that unnamed inmates are denied jobs in a racially biased manner, denied emergency medical care, and not given proper treatment for their disabilities)).  It is unclear from the complaint what conditions of confinement have personally affected the plaintiffs or how they were injured by these conditions of confinement.  We will dismiss the complaint without prejudice and grant plaintiffs leave to file an amended complaint to allege the factual basis for their individual claims in a manner that complies with Rule 8.

**IV.**     **Conclusion**

We will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.  Plaintiffs will be granted leave to amend.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     May 20, 2024