UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BOBBY KENNETH WILLIAMSON,** *et. al.,* | : | |
| Plaintiff | : | CIV. ACTION NO. 1:23-CV-1781 |
| v. | : | (JUDGE MANNION) |
| **JOHN RIVELLO,** *et al.,* | : | |
| Defendants | : | |

## MEMORANDUM

This is a prisoner civil rights case in which plaintiff alleges generally that defendants violated his civil rights by exposing him to asbestos and other toxic substances. The case is before the court for resolution of defendants' motion to dismiss and several other motions. For the reasons that follow, former plaintiff Bundy's motion to file supplemental evidence will be denied as moot, plaintiff Williamson's motion for sanctions will be deemed withdrawn, Williamson's motion to identify a John Doe defendant will be granted, defendants' motion to dismiss will be granted in part and denied in part, and plaintiff's motion for imposition of a case management schedule will be granted.

**I.     BACKGROUND**

This case was initially filed as a putative class action by three plaintiffs on behalf of a class of inmates incarcerated at SCI-Huntingdon. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner. As a result of multiple rulings from Judge Conner, class certification has been denied, and the case is currently proceeding only as to plaintiff Williamson's deliberate indifference claim and state law negligence claim. (*See* Docs. 19-20, 31-32).

Several motions are pending before the court, including: (1) a motion for entry of a case management order filed by plaintiff Williamson; (2) a motion to dismiss filed by defendants; (3) a motion to amend the identity of the John Doe defendant in the case and to serve the newly named defendant; (4) a motion for leave to provide supplemental evidence filed by plaintiff Bundy; and (5) a motion for sanctions filed by Williamson. These motions are addressed below.

**II.    DISCUSSION**

As a preliminary matter, the court will deny former plaintiff Bundy's motion for leave to file supplemental evidence as moot. Judge Conner dismissed Bundy's complaint with prejudice for failure to state a claim upon which relief could be granted on November 18, 2024. (Docs. 31-32). Bundy

appealed, but the United States Court of Appeals for the Third Circuit dismissed his appeal for failure to prosecute on July 17, 2025. (Doc. 60). Thus, Bundy is no longer a party to this lawsuit and his request to file supplemental evidence will be denied as moot.

Turning next to Williamson's motion for sanctions, this motion will be deemed withdrawn. Under Local Rule 7.5, a moving party must file a brief in support of a motion within fourteen days or the motion will be deemed withdrawn. More than fourteen days have elapsed since Williamson filed his motion for sanctions, and to date he has not filed a brief in support of the motion. The motion will accordingly be deemed withdrawn.

Williamson's motion to identify the John Doe defendant and serve the defendant will be granted. Judge Conner liberally construed Williamson's amended complaint as naming "Facility Maintenance Manager" as a John Doe defendant, (*see* Doc. 32), and plaintiff has now identified that defendant as Christian Stone, (*see* Doc. 43). The court will accordingly amend the identity of Facility Maintenance Manager to Christian Stone on the docket of this case, direct the parties to construe all references in the amended complaint to the Facility Maintenance Manager as references to Stone, and direct the Clerk of Court to serve Stone with process.

Turning to defendants' motion to dismiss, defendants assert two arguments for dismissal: (1) that Williamson failed to exhaust administrative remedies prior to filing this case; and (2) that defendants are entitled to sovereign immunity with respect to Williamson's state law negligence claim. (Doc. 46).

With respect to sovereign immunity, Pennsylvania law provides that commonwealth employees acting within the scope of their employment are entitled to sovereign immunity in both their official and individual capacities from most state law tort claims. Pa.C.S. §2310. There are ten recognized exceptions in which the Commonwealth has waived sovereign immunity, *see* 42 Pa.C.S. §8522, but commonwealth employees retain their sovereign immunity with respect to intentional tort claims. *Mitchell v. Luckenbill*, 680 F. Supp. 2d 672, 682 (M.D. Pa. 2010) (citing *Holt v. Nw. Pa. Training P'Ship Consortium, Inc.*, 694 A.2d 1134, 1139 (Pa. Commw. Ct. 1997)). A defendant's action is within the scope of his employment if (1) it is the kind of action that the employee is employed to perform; (2) it occurs substantially within the job's authorized time and space limits; and (3) it is motivated at least in part by a desire to serve the employer. *Farmer v. Decker*, 353 F. Supp. 3d 342, 350 (M.D. Pa. 2018).

Here, Williamson's negligence claim is based on the theory that defendants exposed him to asbestos and other toxic substances by failing to take proper precautions when performing construction and maintenance projects on his housing block. (*See* Doc. 27). These actions were clearly done within the scope of defendants' employment. Thus, unless an exception applies under 42 Pa.C.S. §8522, defendants are entitled to sovereign immunity from Williamson's negligence claim.

Williamson argues that the real estate exception under Section 8522(b)(4) should apply. (*See generally* Doc. 52). Section 8522(b)(4) waives sovereign immunity for a claim arising from "[a] dangerous condition of Commonwealth agency real estate and sidewalks, including Commonwealth-owned real property, leaseholds in the possession of a Commonwealth agency and Commonwealth-owned real property leased by a Commonwealth agency to private persons, and highways under the jurisdiction of a Commonwealth agency…" 42 Pa.C.S. §8522(b)(4). "It is well settled in Pennsylvania that the real estate exception will only apply where it is alleged that an artificial condition or defect of the land itself caused the injury to occur." *Warnecki v. SEPTA*, 689 A.2d 1023, 1025 (Pa. Commw. Ct. 1997). "If a defect or dangerous condition merely facilitates an injury which is caused by the acts of a person, the defect or dangerous

condition is not actionable." *Weckel v. Carbondale Housing Auth.*, 20 A.3d 1345, 1250 (Pa. Commw. Ct. 2011) (citing *Williams v. Phila. Housing Auth.*, 873 A.2d 81, 86 (Pa. Commw. Ct. 2005)).

Here, it is alleged that the infrastructure in SCI-Huntingdon contained asbestos and other toxic substances, but the alleged harm to Williamson occurred because of defendants' alleged actions while performing maintenance and construction work. (*See* Doc. 27). Thus, sovereign immunity is not waived, because the defect or dangerous condition in the Commonwealth real estate "merely facilitate[d] an injury" that was caused by "the acts of a person." *Weckel*, 20 A.3d at 1250; *see also Wright v. City of Philadelphia*, No. 10-1102, 2015 WL 894237, at *16 n.14 (E.D. Pa. Mar. 2, 2015) (concluding that sovereign immunity was not waived for claim that housing authority and its employees tortiously exposed plaintiff to asbestos because "[p]laintiffs never allege that their property was defective; rather, they allege that Defendants' conduct and policies caused them to be unlawfully exposed to asbestos"). The court will accordingly dismiss Williamson's state law negligence claim on the basis of sovereign immunity.

As for defendants' exhaustion argument, failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs. *Talley v.*

*Clark*, 111 F.4th 255, 264 (3d Cir. 2024) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Thus, a court may only dismiss a complaint for failure to exhaust administrative remedies if the failure to exhaust is "apparent from the face of the complaint." *Id.* (citing *Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002)).

Here, defendants assert that Williamson failed to exhaust administrative remedies, but the failure to exhaust is not apparent from the face of his complaint. Thus, dismissal for failure to exhaust is not appropriate. However, because there appears to be an arguable basis to conclude that plaintiff did not exhaust administrative remedies prior to filing this case, the court will order the parties to conduct limited discovery on the issue of administrative exhaustion and set a schedule for the parties to file dispositive motions limited to that issue. *See, e.g.*, *Small v. Camden Cnty.*, 728 F.3d 265, 271 n.5 (3d Cir. 2013) ("It would make sense from an efficiency standpoint that exhaustion determinations be made before discovery, or with only limited discovery."). The court will additionally grant Williamson's motion for imposition of a case management schedule and set deadlines for all other discovery and dispositive motions.

### III. CONCLUSION

For the foregoing reasons, former plaintiff Bundy's motion to file supplemental evidence is denied as moot, plaintiff Williamson's motion for sanctions is deemed withdrawn, Williamson's motion to identify a John Doe defendant is granted, defendants' motion to dismiss is granted in part and denied in part, and plaintiff's motion for imposition of a case management schedule is granted. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: August 11, 2025**
23-1781-01