UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BOBBY KENNETH WILLIAMSON,   :

        Plaintiff      :  CIV. ACTION NO. 1:23-CV-1781

    v.                 :  (JUDGE MANNION)

JOHN RIVELLO, *et al.*,    :

        Defendants    :

## MEMORANDUM

Presently before the court in this prisoner civil rights case is defendants' motions for summary judgment for plaintiff's failure to exhaust administrative remedies and plaintiff's motion for sanctions and motion to compel discovery. For the reasons set forth below, the motion for summary judgment will be granted and plaintiff's motions will be denied as moot.

### I. PROCEDURAL HISTORY

Plaintiff, Bobby Kenneth Williamson, and two other named plaintiffs filed this case as a putative class action on behalf of themselves and a class of similarly situated inmates at SCI-Huntingdon on September 28, 2023. (Doc. 1). The case was initially assigned to United States District Judge Christopher C. Conner. On April 2, 2024, Judge Conner dismissed the complaint with respect to plaintiff Edwards for his failure to pay the requisite filing fee or move for leave to proceed *in forma pauperis*. (Doc. 17).

On May 20, 2024, Judge Conner denied plaintiffs' motion for class certification, dismissed their complaint without prejudice, and granted them leave to file an amended complaint limited to their individual claims. (Docs. 19-20). Plaintiffs Williamson and Bundy filed separate amended complaints on September 17, 2024, and September 23, 2024. (Docs. 27, 30). On November 18, 2024, Judge Conner dismissed Bundy's amended complaint in its entirety, dismissed Williamson's amended complaint in part, and allowed the case to proceed solely as to (1) Williamson's deliberate indifference claim against defendants Rivello, Banks, Price, McMullen, Holms, and the facility maintenance manager, and (2) Williamson's negligence claim against defendants Rivello and Holms. (Docs. 31-32).

Defendants moved to dismiss Williamson's amended complaint on January 16, 2025. (Doc. 41). The case was reassigned to the undersigned on January 21, 2025, following Judge Conner's retirement from the court. The court granted the motion to dismiss in part and denied it in part on August 11, 2025, dismissing the negligence claim because defendants were entitled to sovereign immunity, but denying the motion to the extent that it sought to dismiss the deliberate indifference claim for failure to exhaust administrative remedies. (Docs. 61-62). Recognizing, however, that there appeared to be an arguable basis to conclude that Williamson failed to exhaust

2

administrative remedies, the court set an expedited discovery schedule for discovery related to the issue of exhaustion, and required all dispositive motions on the issue of exhaustion to be filed no later than October 31, 2025. (Docs. 61-62). Defendants then answered the amended complaint on August 25, 2025. (Doc. 65).

Defendants filed the instant motion for summary judgment based on Williamson's purported failure to exhaust administrative remedies on October 30, 2025, along with a statement of material facts and a supporting brief. (Docs. 70-72). Williamson did not respond to the motion for summary judgment, nor did he seek an extension of time to do so.

On November 5, 2025, Williamson filed a motion for sanctions, asserting that defendant Rivello deliberately destroyed video evidence relating to his claims. (Doc. 73). Williamson then filed a motion to compel defendants to produce discovery on November 21, 2025. (Doc. 77). Defendants opposed the motion for sanctions on December 19, 2025, (Doc. 80), but have not responded to the motion to compel discovery. All three motions are ripe for review and are resolved in this opinion.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file]

3

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 254 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *see also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323-24. The moving party can discharge that burden by showing that "on all the essential elements of

4

its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *see also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). However, if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322-23; *Jakimas v. Hoffman-La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

### III. MATERIAL FACTS[1]

#### A. Grievance Policy

Exhaustion of administrative remedies in the DOC is governed by the three-step process outlined in the DOC's grievance policy, DC-ADM 804. (*See* DC-ADM 804, available at https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/804%20Inmate%20Grievances.pdf) (last visited Jan. 27, 2026).[2] Under DC-ADM 804, a prisoner must

---

[1] Local Rule 56.1 requires a motion for summary judgment to "be accompanied by a separate, short and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried" and requires that the party opposing a motion for summary judgment file a statement responding to the numbered paragraphs in the movant's statement of material facts, which "shall include references to the parts of the record" that support the nonmovant's opposition to the motion. M.D. Pa. L.R. 56.1. If a non-moving party fails to respond to a moving party's statement in the manner required by Local Rule 56.1, the facts asserted in the moving party's statement are "deemed to be admitted." *Id.* In this case, defendants have filed a statement of material facts as required by Local Rule 56.1, (Doc. 71), but Williamson has not responded to the statement. The facts included in defendants' statement are accordingly deemed admitted for the purpose of resolving the motion for summary judgment. M.D. Pa. L.R. 56.1. The court cites directly to defendants' statement as to any facts included in the statement.

[2] As requested by defendants, (*see* Doc. 72 at 6 n.1), the court takes judicial notice of the policy and its contents as a document that is publicly available on a government website. *See Vanderklok v. United States*, 868 F.3d 189, 205 n.16 (3d Cir. 2017). All citations to DC-ADM 804 will be to the version of the policy that is available on the DOC's website. The current version of DC-ADM 804 has been in effect since May 1, 2015, and was therefore in effect at all relevant times.

6

first submit a written grievance within fifteen working days from the date of the incident. *Id.* §1(A)(8). DC-ADM 804 provides that the grievance must include "a statement of the facts relevant to the claim," "identify individuals directly involved in the events," and "specifically state any claims [the inmate] wishes to make concerning violations of Department directives, regulations, court orders, or other law." *Id.* §1(A)(11). If the inmate is unable to comply with the fifteen-day deadline, he may request an extension of time to file a grievance. *Id.* §1(C)(2). Next, the prisoner must submit a written appeal to an intermediate review level within fifteen working days. *Id.* §2(A)(1)(a). Finally, the inmate must submit an appeal to the Secretary's Office of Inmate Grievances and Appeals ("SOIGA") within fifteen working days. *Id.* §2(B)(1)(b).

### B. Plaintiff's Grievances

Williamson's claims assert generally that he was exposed to asbestos and other harmful substances as a result of renovations that were performed in his housing block. (*See* Doc. 27). The renovation work began in mid-2021. (Doc. 71 ¶15). He filed eight grievances during the period of time from September 2021 to July 2023. (*Id.* ¶16). Seven of those eight grievances did not pertain to the conditions of his confinement. (*See id.* ¶¶17-21). The only grievance that pertained to the conditions of his confinement during the

7

relevant period was Grievance Number 1025327. (*Id.* ¶21). Grievance Number 1025327 was rejected as untimely. (*Id.* ¶23). Williamson ultimately appealed the grievance to SOIGA, which rejected it for failure to submit required or legible documentation in support of his claims. (*Id.* ¶27).

Williamson additionally alleges harm from exposure to asbestos during renovation work performed on February 22, 2021. (*Id.* ¶31). He filed two grievances during the period of time relevant to this claim. (*Id.* ¶34). One of these grievances, Grievance Number 1077706, pertained to the conditions of his confinement. (*Id.* ¶36). He stated that two staff members exposed him to dust, but did not allege that the dust contained asbestos or lead paint. (*Id.* ¶37). The only staff members identified in the grievance were Sergeant Snook and Correctional Officer Miller. (*Id.* ¶41). The defendants were not named in the grievance. (*Id.* ¶40).

## IV. DISCUSSION

Under the Prison Litigation Reform Act ("PLRA"), prisoners complaining about the conditions of their confinement must exhaust available administrative remedies before they may file suit in federal court. 42 U.S.C. §1997e(a). The PLRA requires proper exhaustion, meaning plaintiffs must administratively grieve their claims in accordance with the procedural rules of the prison in which they are incarcerated. *Downey v. Pa.*

*Dep't of Corr.*, 968 F.3d 299, 305 (3d Cir. 2020) (citing *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)). Failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove; it is not a pleading requirement for plaintiffs. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

A prisoner is only required to exhaust administrative remedies that are "available." *Rinaldi v. United States*, 904 F.3d 257, 268 (2018) (citing *Woodford*, 548 U.S. at 93). An administrative remedy is unavailable, and administrative exhaustion is thus excused, in three situations: "(1) when 'it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates'; (2) when it is 'so opaque that it becomes, practically speaking, incapable of use,' such as when no ordinary prisoner can discern or navigate it; or (3) when 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* at 266-67 (quoting *Ross v. Blake*, 578 U.S. 632, 643-44 (2016)). If defendants establish failure to exhaust administrative remedies, the burden shifts to the plaintiff to show that the administrative remedy process was unavailable. *Id.* at 268.

Defendants argue that Williamson failed to exhaust administrative remedies in the instant case because one of the relevant grievances—Grievance Number 1025327—was dismissed by SOIGA for failure to provide

9

required or legible documentation, and the other relevant grievance—Grievance Number 1077706—failed to name the defendants and failed to state that he was exposed to asbestos or lead paint. (Doc. 72 at 9-12).

The summary judgment record confirms defendants' assertion that Williamson failed to exhaust administrative remedies. First, defendants are correct that he failed to properly appeal Grievance Number 1025327 through all stages of administrative review. (*See* Doc. 71-10 at 2). Second, defendants are correct that he failed to name any of the defendants in Grievance Number 1077706. (*See* Doc. 71-11). Although the failure to name a defendant in a grievance may be excused if the unnamed defendant is "fairly within the compass of the prisoner's grievance," *Spruill v. Gillis*, 372 F.3d 218, 234 (3d Cir. 2004), here, other than naming non-defendants Miller and Snook, Williamson's only assertion of which prison officials were responsible for his injuries was a vague allusion to "staff." (*See* Doc. 71-11 at 13, 15). This is plainly insufficient to conclude that defendants were "fairly within the compass" of the grievance. *Spruill*, 372 F.3d at 234.

The burden accordingly shifts to Williamson to show that the grievance process was unavailable to him. *Rinaldi*, 904 F.3d at 268. Williamson has clearly failed to meet that burden because he has not responded to defendants' motion for summary judgment in any manner. Thus, the court

10

will grant defendants' motion for summary judgment based on Williamson's failure to exhaust administrative remedies.

Having done so, the court will deny Williamson's motion for sanctions and motion to compel discovery as moot. Both motions seek relief based on defendants' alleged failure to produce evidence relevant to the merits of Williamson's claims. (Docs. 73, 77). Neither of the motions nor the evidence plaintiff seeks is relevant to the issue of exhaustion of administrative remedies.

## V. CONCLUSION

For the foregoing reasons, the court will grant defendants' motion for summary judgment, deny Williamson's motion for sanctions and motion to compel discovery as moot, and close this case. An appropriate order shall issue.

*Malachy E. Mannion*
United States District Judge

Dated: 2/3/26
23-1781-02